**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIDAL ERNESTO ZUNIGA-BRAVO, | No. 10-72217 |
| Petitioner, | Agency No. A098-889-968 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Vidal Ernesto Zuniga-Bravo, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") decision denying his motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and we deny the petition for review.

Zuniga-Bravo has waived any challenge to the IJ's denial of his motion to rescind his in absentia removal order based on lack of notice.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief may be deemed waived).

The IJ did not abuse his discretion in denying Zuniga-Bravo's motion to reopen on the ground that he failed to establish prima facie eligibility for relief from removal.  *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief; a prima facie case is a reasonable likelihood that the statutory requirements for relief have been satisfied); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Zuniga-Bravo's contention that the BIA's summary affirmance failed to provide sufficient reasoning is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**